UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAROLD JEAN-BAPTISTE,<br><br>                         Plaintiff,<br><br>            -against-<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE; MERRICK B. GARLAND;<br>FEDERAL BUREAU OF INVESTIGATION;<br>CHRISTOPHER WRAY; DAMIAN<br>WILLIAMS,<br><br>                         Defendants. | 22-CV-8937 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Rosedale, Queens County, New York, brings this action *pro se*.[1]

Plaintiff asserts claims under 42 U.S.C. §§ 1983, 1985, and 1986; and various criminal statutes.

The complaint also describes Plaintiff's efforts to obtain documents under the Freedom of

Information Act (FOIA). Named as Defendants are the United States Department of Justice

(DOJ), United States Attorney General Merrick Garland, the Federal Bureau of Investigation

(FBI), FBI Director Christopher Wray, and United States Attorney for the Southern District of

New York Damian Williams. For the following reasons, the Court transfers this action under 28

U.S.C. § 1406 to the United States District Court for the Eastern District of New York.

## DISCUSSION

The general venue statute, 28 U.S.C. § 1391(b), governs Plaintiff's non-FOIA claims.

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim occurred, or a

---

[1] Plaintiff paid the fees to file this action.

substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants caused him to become sick at a Dunkin Donuts restaurant in Huntington Station, Suffolk County, New York, and interfered with his medical care at Long Island Jewish Hospital in Valley Stream, Nassau County, New York. Nassau and Suffolk Counties fall within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Plaintiff provides Washington, D.C., addresses for DOJ, Garland, FBI, and Wray, and he provides a New York, New York, address for Williams. The allegations of the complaint show that all of the events giving rise to Plaintiff's claims occurred outside this District. Venue is therefore not proper in this District under Section 1391(b)(2). Venue is also not proper in this District under Section 1391(b)(1) because all defendants do not reside in New York. Because substantial events giving rise to Plaintiff's claims took place in Nassau and Suffolk Counties, which are in the Eastern District of New York, 28 U.S.C. § 112(c), venue is proper under Section 1391(b)(2) in the United States District Court for the Eastern District of New York.

Plaintiff may also be attempting to assert claims under FOIA regarding FOIA requests he sent to the FBI, DOJ, and Department of Homeland Security in March 2020.[2] A claim under

---

[2] Plaintiff has already filed other federal lawsuits in connection with those requests. *See, e.g., Jean-Baptiste v. United States Dep't of Justice*, No. 22-CV-1420 (D.D.C. second amended complaint filed Sept. 28, 2022); *Jean-Baptiste v. United States Dep't of Justice*, No. 22-CV-22376 (S.D. Fla. Amended complaint filed Sept. 14, 2022); *Jean-Baptiste v. United States*, No. 22-CV-1861 (D.D.C. Aug. 1, 2022) (denying preliminary relief and dismissing the complaint);

FOIA may be brought "in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552(a)(4)(B). Venue for Plaintiff's FOIA claims would therefore be proper in the District of Columbia, where he has already brought such suits, or in the Eastern District of New York, where he resides.

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's non-FOIA claims arose in Nassau and Suffolk Counties, which are in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Venue for Plaintiff's FOIA claims is also proper in the Eastern District of New York, where Plaintiff resides. Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2); 5 U.S.C. § 552(a)(4)(B), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether summonses shall issue from the transferee court is a question for the transferee court. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

---

*Jean-Baptiste v. Dep't of Justice*, No. 22-CV-0897 (D.D.C. Apr. 15, 2022) (dismissed for lack of jurisdiction); *Jean-Baptiste v. United States Dept of Justice*, No. 21-CV-2221 (D.D.C. Jan. 25, 2022) (dismissed for failure to file proof or proper service).

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    October 27, 2022
            New York, New York

                   /s/ Laura Taylor Swain
                    LAURA TAYLOR SWAIN
           Chief United States District Judge